Ernest Lee Johnson, Appellant, *v.* Workmen's Compensation Appeal Board and Wallace Leisure Products, Inc., Appellees.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Charles F. Quinn,* with him *Mazzocone and Quinn,* for appellant.

*Joseph Hakun,* with him *MacCoy, Evans and Lewis* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, October 11, 1974:

For purposes of this decision, it is not contested that claimant-appellant has suffered the total loss of use of his right hand and is entitled to an award for specific loss benefits pursuant to Section 306(c) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §513 (Supp. 1974-1975), which provides, *inter alia:*

". . . .

"(1) For [disability resulting from] the loss of a hand [compensation shall be exclusively] sixty-six and two-thirds per centum of wages during three hundred thirty-five weeks.

. . . .

"This compensation shall not be more than sixty-six and two-thirds per centum of the Statewide average weekly wage nor less than sixty-six and two-thirds per centum of the maximum compensation payable per week for total disability as provided in subsection (a)[1] of this section, but in no event more than the employe's average weekly wage. . . ."

Claimant's-appellant's average weekly wage was $64.00. The Statewide average weekly wage for the job classification of claimant-appellant was $141.00.

---

[1] 77 P.S. §511.

The position of claimant-appellant is that Section 306(c) provides that he should be paid not more than two-thirds of the Statewide average weekly wage, i.e., two-thirds of $141.00 = $94.00. The same Section provides that he shall not be paid more than his wages, i.e., $64.00. Finally, it is claimant-appellant's position that he may not be paid less than he would have received for total disability, i.e., $47.00.

The referee agreed with claimant-appellant and awarded two-thirds of the maximum compensation payable for total disability, based on the Statewide average weekly wage, i.e., two-thirds of $94.00 = $62.66.

It is employer-appellee's position that the maximum claimant-appellant can be paid for the loss of his hand cannot be more than the maximum compensation to which he personally would be entitled for total disability.

The Board agreed with the employer-appellee and reduced the rate of weekly compensation to $47.00, the rate claimant-appellant would be receiving for total disability. In reaching this conclusion, the Board erred in applying the minimum limits of Section 306(a) to Section 306(c). Section 306(c) has its own minimum limits for partial disability which differ from the minimum limits for total disability.

Section 306(c) mandates that for loss of a hand, claimant-appellant shall be exclusively compensated in the amount of two-thirds of wages as long as that amount is not more than two-thirds of the Statewide average weekly wage (two-thirds of $141.00, or $94.00), nor is less than two-thirds of the "maximum compensation payable per week for total disability as provided in subsection (a)." This latter minimum amount of award must be determined by claimant's *personal* maximum compensation payable for total disability. In the instant case, claimant-appellant cannot receive less than

$31.33, i.e., two-thirds of the rate he personally would receive for total disability, or two-thirds of $47.00.

Therefore, the statutory parameters within which the award to this particular claimant-appellant must fall are $94.00 and $31.33. Since Section 306(c)(1) specifically grants an award of two-thirds of wages for loss of a hand, and since two-thirds of claimant-appellant's wages (two-thirds of $64.00, or $42.67) are within the statutory parameters, we enter the following

### ORDER

Now, October 11, 1974, the order of the Workmen's Compensation Appeal Board, dated January 24, 1974, in the above matter is modified to the amount of $42.67 per week and, as modified, is affirmed, providing that defendant, Wallace Leisure Products, Inc., and its insurance carrier pay to Ernest Lee Johnson, the claimant, the following:

(a) Compensation for a healing period of twenty weeks for the loss of use of claimant's right hand, commencing November 1st, 1972, at the rate of $42.67 a week pursuant to the provisions of Section 306(c)(25).

(b) Commencing immediately the termination of the healing period of twenty weeks as aforesaid, further compensation for the specific loss of use of claimant's right hand at the rate of $42.67 a week, for a period of three hundred and thirty-five weeks, pursuant to the provisions of Section 306(c)(1) of the Workmen's Compensation Act.

(c) To pay for all reasonable hospital and medical expenses resulting from claimant's industrial accident pursuant to the provisions of the Pennsylvania Workmen's Compensation Act as amended.

(d) Defendant and its insurance carrier are entitled to a credit for all previous compensation payments made to claimant as a result of his industrial accident of October 30th, 1972, based on the specific losses of his sec-

ond, third, fourth and fifth fingers of his right hand, and any healing period relating thereto.

Claimant's petition for disability compensation is hereby considered as a petition for modification of the notice of compensation payable, and this petition for modification is hereby granted to the extent shown above.